Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Wasan Awad, AZ Bar No. 025352
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**
**Phoenix District Office**
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 661-0053
Fax: (602) 640-5071
Email:   mary.oneill@eeoc.gov
         james.driscoll-maceachron@eeoc.gov
         wasan.awad@eeoc.gov

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | **CIVIL ACTION NO.:** |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY TRIAL DEMAND)** |
| Scottsdale Healthcare Hospitals d/b/a HonorHealth, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Angela Carter and other aggrieved individuals that HonorHealth did not give reasonable accommodations that would have allowed them to perform the essential functions of their positions or of vacant positions

1

at HonorHealth's facilities in Arizona. As alleged with greater particularity below, HonorHealth violated the ADA from July 6, 2016 to present by refusing to accommodate individuals with disabilities and then discharging or constructively discharging them because of their disabilities and/or their need for accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. The Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, HonorHealth, an Arizona corporation, has continuously been doing business in the State of Arizona and the City of Scottsdale, and it has continuously had at least 15 employees.

5. At all relevant times, HonorHealth has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, HonorHealth has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Angela Carter filed a charge with the EEOC alleging HonorHealth violated the ADA.

8. On August 16, 2019, the EEOC issued a letter of determination to HonorHealth, finding reasonable cause to believe that the ADA was violated and invited HonorHealth to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On July 27, 2020, the EEOC issued a Notice of Failure of Conciliation to HonorHealth advising HonorHealth that the EEOC was unable to secure a conciliation agreement acceptable to the EEOC from HonorHealth.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least July 6, 2016, HonorHealth has engaged in unlawful employment practices at its facilities in Arizona in violation of Sections 102(a), 102(b)(5)(a), and 102(b)(5)(b) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(b).

3

12. Since at least July 6, 2016, HonorHealth denied reasonable accommodations to qualified individuals with disabilities, and it terminated or constructively discharged qualified individuals with disabilities because of their disabilities and/or their need for accommodation.

13. For example, Charging Party Angela Carter is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. Angela Carter worked for HonorHealth for more than a decade.

15. She sustained a severe injury in an HonorHealth parking lot that led to, among other things, a substantial limitation on her ability to lift.

16. After a second surgery, Ms. Carter's doctor determined that she would have a permanent lifting restriction.

17. Ms. Carter notified HonorHealth of her disability and requested a reasonable accommodation.

18. Instead of offering Ms. Carter a reasonable accommodation that would have allowed her to perform the essential functions of her job or another job at HonorHealth, HonorHealth told Ms. Carter she would be terminated if she could not secure a new position at HonorHealth within thirty days.

19. Ms. Carter applied to numerous positions that she was qualified for.

20. HonorHealth selected different candidates, canceled the posting, or did not interview Ms. Carter for the positions she applied for.

21. HonorHealth terminated Ms. Carter.

22. HonorHealth regularly subjected other qualified individuals with disabilities to similar treatment.

23. HonorHealth denied accommodations to other aggrieved individuals with disabilities.

24. There were accommodations that would have allowed those aggrieved individuals to perform the essential functions of their position or of vacant positions at HonorHealth. These accommodations included modified work schedules, job restructuring, acquisition or modification of equipment or devices, and reassignment to a vacant position.

25. For example, Angelica Layton had a disability that, among other things, substantially limited her ability to lift and walk. She requested accommodations such as five-minute breaks as needed to sit, assistance moving patients, or a modified work schedule that would have allowed her to work a daytime shift.

26. HonorHealth did not provide an accommodation that allowed her to perform the essential functions of her job or another job at HonorHealth.

27. Another employee, Joseph Gieber, had a disability that, among other things, substantially limited his ability to walk. HonorHealth was aware of his need for accommodation, and he would have been able to perform his job duties if he had been provided reasonable accommodations such as reducing the amount he had to walk or a wheelchair.

28. HonorHealth did not provide an accommodation that allowed him to perform the essential functions of his job or another job at HonorHealth.

29. HonorHealth told him he could apply and compete for another position but did not reassign him or offer him any other position at HonorHealth.

30. Another employee, Kathi Zamora, had a disability that substantially limited, among other things, her ability to stand, lift, and walk. She had to take leave, and when she was ready to return, she requested accommodations such as a lifting restriction or modified work schedule.

31. HonorHealth did not provide an accommodation that allowed her to perform the essential functions of her job or another job at HonorHealth.

32. HonorHealth told her she could apply and compete for other positions in order to remain an HonorHealth employee.

33. Another employee, Tracy Bruno, had a disability that, among other things, substantially limited her ability to focus and work. She requested leave because of her disability.

34. When she attempted to return to work, HonorHealth told her she could apply and compete for other positions.

35. Another employee, Carrie Gilliland, had a disability that caused her significant pain and, among other things, substantially limited her ability to sit, stand, or walk for long periods of time. She requested an accommodation such as a standing/sitting desk to be able to stand and stretch as needed.

36. HonorHealth did not provide an accommodation that allowed her to perform the essential functions of her job or another job at HonorHealth.

37. Another employee, Joseph Hunkele, had a disability that, among other things, substantially limited his ability to lift for six to eight weeks. He requested an accommodation such as a desk job or other position that did not require lifting.

38. HonorHealth did not provide an accommodation that allowed him to perform the essential functions of his job or another job at HonorHealth.

39. Instead of providing reasonable accommodations to these and other aggrieved individuals, HonorHealth frequently terminated and/or constructively discharged them.

## First Claim for Relief
### Denial of Reasonable Accommodation
### 42 U.S.C. § 12112(b)(5)(a)

40. The allegations in the foregoing paragraphs are hereby incorporated by reference.

41. Ms. Carter and other aggrieved individuals were individuals with disabilities under 42 U.S.C. § 12102.

42. Ms. Carter and other aggrieved individuals were qualified and able to perform the essential functions of their own positions or vacant positions at HonorHealth with or without reasonable accommodation.

43. Ms. Carter and other aggrieved individuals notified HonorHealth of their need for accommodation of their disabilities.

44. For example, Ms. Carter informed HonorHealth officials that she would need accommodations for her lifting restriction.

45. Ms. Carter and other aggrieved individuals requested accommodations that would allow them to perform the essential functions of a job they held or desired.

46. HonorHealth did not provide reasonable accommodations for Ms. Carter and other aggrieved individuals that allowed them to perform the essential functions of the jobs they held or desired.

47. By refusing to provide Ms. Carter and other aggrieved individuals reasonable accommodations, HonorHealth violated the ADA, 42 U.S.C. § 12112(b)(5)(a).

48. The effect of the practices complained of in the paragraphs above has been to deprive Ms. Carter and other aggrieved individuals of equal employment opportunities because of their disabilities.

49. The unlawful employment practices complained of in the paragraphs above were intentional.

50. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Angela Carter and other aggrieved individuals.

**Second Claim for Relief**
**Discharge and/or constructive discharge because of disability and/or need for accommodation**
**42 U.S.C. § 12112(b)(5)(b)**

51. The allegations in the foregoing paragraphs are hereby incorporated by reference.

52. Ms. Carter and other aggrieved individuals were individuals with disabilities under 42 U.S.C. § 12102.

53. Ms. Carter and other aggrieved individuals were qualified and able to perform the essential functions of their own positions or vacant positions at HonorHealth with or without reasonable accommodation.

54. Ms. Carter and other aggrieved individuals notified HonorHealth of their need for reasonable accommodations of their disabilities.

55. Ms. Carter and other aggrieved individuals requested accommodations that would have allowed them to perform the essential functions of their position or of vacant positions at HonorHealth.

56. HonorHealth did not provide reasonable accommodations to Ms. Carter and other aggrieved individuals that allowed them to perform the essential functions of their jobs or of other jobs at HonorHealth. These accommodations included modified work schedules, job restructuring, acquisition or modification of equipment or devices, and transfer to another position.

57. HonorHealth terminated and/or constructively discharged Ms. Carter and other aggrieved individuals because of their disabilities or because of the need to provide them reasonable accommodations.

58. HonorHealth denied Ms. Carter and other aggrieved individuals employment opportunities because of their disabilities and/or because of the need to provide them reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5)(b).

59. The effect of the practices complained of in the paragraphs above has been to deprive Angela Carter and other aggrieved individuals of equal employment opportunities because of their disabilities.

60. The unlawful employment practices complained of in the paragraphs above were intentional.

61. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Angela Carter and other aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining HonorHealth, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide reasonable accommodations to qualified individuals with disabilities and from discharging and/or constructively discharging qualified individuals with disabilities because of their disabilities and/or their need for accommodation.

B. Order HonorHealth to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order HonorHealth to make Angela Carter and other aggrieved individuals whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its

unlawful employment practices, including but not limited to reinstatement of Angela Carter and other aggrieved individuals.

D. Order HonorHealth to make Angela Carter and other aggrieved individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, and medical expenses, in amounts to be determined at trial.

E. Order HonorHealth to make Angela Carter and other aggrieved individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, loss of credit standing, stress, and humiliation, in amounts to be determined at trial.

F. Order HonorHealth to pay Angela Carter and other aggrieved individuals punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 29th day of September 2020.

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507-0004

MARY JO O'NEILL
Regional Attorney

JAMES DRISCOLL-MACEACHRON
Supervising Trial Attorney

*/s/ Wasan Awad*
WASAN AWAD
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012