**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>   Plaintiff,<br><br>v.<br><br>Scottsdale Healthcare Hospitals,<br><br>   Defendant. | No. CV-20-01894-PHX-MTL<br><br>**ORDER** |

Before the Court is the parties' Joint Discovery Dispute Motion regarding the scope of certain discovery requests promulgated by the Equal Employment Opportunity Commission ("EEOC"). (Doc. 34.) For the reasons that follow, the Court resolves the dispute in favor of the EEOC.

**I.   BACKGROUND**

Title VII of the Civil Rights Act of 1964, which the Americans with Disabilities Act of 1990 ("ADA") incorporates by reference, details the procedure through which the EEOC enforces the statute's prohibition on employment discrimination. 29 U.S.C. § 794a; 42 U.S.C. § 2000e et seq. The process generally starts when "a person claiming to be aggrieved" files a charge of an unlawful workplace practice with EEOC. § 2000e–5(b). At that point, the EEOC notifies the employer of the complaint and undertakes an investigation. *Id.* If, after the investigation, the EEOC finds no "reasonable cause" to think that the allegation has merit, it dismisses the charge and notifies the parties. *Id.* If, on the other hand, the EEOC finds reasonable cause, it must "endeavor to eliminate [the] alleged

unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* If the parties' efforts at conciliation fail, the EEOC may then sue the employer. § 2000e–5(f)(1).

Consistent with that procedure, the present action began when, on May 1, 2017, Angela Carter ("Carter" or "Charging Party") filed a charge of discrimination ("Charge") with the EEOC alleging that Defendant HonorHealth discriminated against her and other aggrieved individuals in violation of ADA. (Doc. 39 at 2.) After receiving the Charge, the EEOC conducted a 15-month investigation, pursuant to which it determined there was reasonable cause to believe HonorHealth had discriminated against Carter and other aggrieved individuals in violation of the ADA. (Doc. 39 at 2.) On August 16, 2019, the EEOC's District Director issued a letter of determination to HonorHealth detailing the Commission's reasonable cause findings. The letter of determination stated, in pertinent part:

> I find that there is reasonable cause to believe that [HonorHealth] discriminated against Charging Party and other aggrieved individuals with disabilities by implementing a policy and/or practice of requiring individuals with disabilities to compete for open positions when returning from medical leave rather than providing reasonable accommodations including reassignment. I find that [HonorHealth] failed to engage in the interactive process and failed to provide reasonable accommodations, including reassignment, for the Charging Party and other aggrieved individuals.
> I also find that there is reasonable cause to believe that [HonorHealth] discharged and/or constructively discharged Charging Party and other aggrieved individuals because of their disabilities and/or need for accommodation in violation of the ADA.
> I also find that there is reasonable cause to believe that [HonorHealth] subjected aggrieved individuals to harassment because of their disabilities and/or need for accommodation.

(Doc. 39, Ex. 3.) The EEOC then invited HonorHealth to engage in informal conciliation. (Comp. ¶ 8.) After conciliation efforts failed, the EEOC brought this action. (Comp. ¶ 9.)

The EEOC served HonorHealth with its first set of interrogatories on April 27, 2021. (Doc. 21.) HonorHealth objected to the interrogatories on the ground that the information sought by the EEOC exceeded the permissible scope of the present action. (Doc. 34, Ex.

1.) After conferring, the parties filed the instant Motion. (Doc. 34.) Upon review, and in light of the issues involved, the Court ordered supplemental briefing, which has since been completed. (Docs. 36, 38, 39.)

## II. LEGAL STANDARD

Parties in civil cases may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party may serve interrogatories relating "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Relevance for the purpose of discovery "is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009).

## III. DISCUSSION

### A. Discovery Dispute

HonorHealth contends that the EEOC's requested discovery is improper because it exceeds the scope of the initial Charge, letter of determination, and conciliation, and thereby violates the ADA's statutory enforcement provisions. (Doc. 39 at 3.) The EEOC responds in two ways. First, it argues that HonorHealth's discovery objection is a disguised dispositive motion, in that it seeks to narrow the scope of EEOC's Complaint and subsequent litigation, rather than merely the scope of discovery. (Doc. 38 at 2–4.) Accordingly, the EEOC contends that HonorHealth can seek to limit the scope of this action only by filing a dispositive motion. Second, EEOC contends that it did in fact comply with its pre-suit obligations under the ADA as that statute is properly construed. (Doc. 38 at 4–7.) For the reasons that follow, the Court agrees with the EEOC.

HonorHealth first asserts that the EEOC's discovery requests are overbroad because they exceed the scope of the Charge. (Doc. 39 at 3–5.) In particular, it argues that because the Charge related only to "individuals who took an ADA leave of absence, were required to compete for a job when returning, were not reassigned, and were terminated," the claims in the Complaint alleging other forms of discrimination exceed the permissible scope of this action. (Doc. 39 at 3.) Such an argument represents a misapplication of the role of the initial charge in a civil action brought by the EEOC. While the charge-filing requirement is a mandatory processing rule, *see Fort Bend Cnty. v. Davis*, 587 U.S. —, 139 S. Ct. 1843, 1846–47 (2019), neither the EEOC's investigation nor subsequent litigation is "limited by the literal terms of the charge." *Paige v. State of Cal.*, 102 F.3d 1035, 1042 n.9 (9th Cir. 1996); *see also Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1204 (9th Cir. 2016). Rather, "an EEOC civil suit may allege any discrimination 'stated in the charge itself or discovered in the course of a reasonable investigation of that charge, provided such additional discrimination was included in the EEOC "reasonable cause" determination and was followed by compliance with the conciliation procedures of the Act.'" *Geo Group*, 816 F.3d at 1205 (quoting *EEOC v. Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1976)). Thus, even if certain claims in the Complaint do exceed the scope of Carter's initial Charge, discovery relevant to such claims may yet be obtained if the claims arose out of EEOC's reasonable investigation of that Charge and are encompassed within its letter of determination. The alternative—to require the EEOC to separately bring charges based on the additional evidence of discrimination it acquired during the course of its reasonable investigation, rather than allowing it to include the new claims of discrimination in a single action—"would be to champion form over substance and to generate an inexcusable waste of valuable administrative resources and intolerable delay, in violation of statutory purpose." *EEOC v. Occidental Life Ins. Co. of Cal.*, 535 F.2d 533, 542 (9th Cir. 1976) (internal quotations omitted). That certain of the claims in the Complaint do not come within the terms of the initial Charge is therefore not determinative. The determinative question, rather, is whether EEOC's challenged claims arose out of the EEOC's reasonable

investigation and are encompassed within the determination letter. *Id.* at 1204–05. It is to that question that the Court now turns.

HonorHealth asserts that the determination letter "made only one specific factual finding" and related "only to individuals who took an ADA leave of absence, were required to compete for a job when returning, were not reassigned, and were terminated." (Doc. 39 at 2–3.) But the determination letter was not so narrow. In fact, the letter also indicated that EEOC had reasonable cause to believe that HonorHealth "failed to provide reasonable accommodations, including reassignment, for the Charging Party and other aggrieved individuals" and that it "constructively discharged Charging Party and other aggrieved individuals because of their disabilities and/or need for accommodation." (Doc. 39, Ex. 3.) While it is true that these additional findings do not smack of specificity, by noting that HonorHealth's failure to provide accommodations merely "included" reassignment, EEOC implicitly indicated that it had reasonable cause to believe HonorHealth failed to provide reasonable accommodations other than reassignment to individuals with disabilities. (*See* Doc. 38 at 6.)

Moreover, the scope of the EEOC's investigation itself provided HonorHealth with notice of the potential breadth of the Commission's claims. During the investigation, the EEOC requested information regarding the identity of "all employees who requested a reasonable accommodation including, but not limited to leave, extension of leave, modified job duties, work restrictions, light duty, etc." (Doc. 38, Ex. 1.) And HonorHealth responded to the EEOC's inquiry by identifying individuals who requested accommodations besides leave and assignment. (*See* Doc. 38 at 6.) HonorHealth's argument that it lacked sufficient notice of the extent of EEOC's claims is therefore unpersuasive, given that HonorHealth itself provided the EEOC with information that gave rise to the challenged allegations in the Complaint. Had HonorHealth "believed that the EEOC's investigation exceeded the permissible statutory scope, it could have refused the EEOC's demand for access and sought adjudication of its rights." *Occidental Life*, 535 F.2d at 541. HonorHealth did not do so. "Thus we can only conclude that the EEOC investigation was reasonable and that

the information supporting the allegations in [the Complaint] was acquired during that reasonable investigation." *Id.* at 542. Accordingly, the Court finds that HonorHealth had sufficient notice of the claims in the Complaint, based on both the EEOC's investigation and its subsequent letter of determination.

HonorHealth next argues that the discovery sought by EEOC is improper because the Commission did not attempt to conciliate each of the claims included in the Complaint. (Doc. 39 at 4–6.) Title VII "imposes a duty on the EEOC to attempt conciliation of a discrimination charge prior to filing a lawsuit." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 486 (2015). That statutory directive is mandatory, not precatory, and serves as a "necessary precondition to filing a lawsuit." *Id.* Federal courts have jurisdiction to review whether the EEOC has satisfied the conciliation requirement. *Id.* at 486–89. The scope of that review, however, is limited.

> [T]he EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of "reasonable cause." Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result. And the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute. At the same time, that relatively barebones review allows the EEOC to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them.

*Id.* at 494. In a recent case involving the scope of this limited review, the Ninth Circuit "reject[ed] the . . . premise that the EEOC . . . must identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit seeking recovery on behalf of a class." *Geo Group*, 816 F.3d at 1200. It held instead that the EEOC satisfies its pre-suit conciliation requirements when it "attempt[s] to conciliate on behalf of an identified class of individuals prior to bringing suit." *Id.* Otherwise, it reasoned, the EEOC "would be effectively barred from seeking relief on behalf of any unnamed class members they had yet to identify when they filed their suit."

*Id.* The EEOC's attempt to identify additional aggrieved individuals and instances of discrimination through discovery, without attempting to individually conciliate such claims, is therefore consistent with recent Ninth Circuit precedent.

The Court also notes that Title VII protects the confidentiality of conciliation efforts. It provides that "[n]othing said or done during and as a part of such informal endeavors may be made public by the Commission . . . or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). Pursuant to that statutory directive, judicial review must not delve too deeply into the precise substance of the parties' conciliation attempts, as doing so would neglect "to give effect to the law's non-disclosure provision." *Mach Mining*, 575 U.S. at 493. The Court should "look[] only to whether the EEOC attempted to confer about a charge, and not to what happened (i.e., statements made or positions taken) during those discussions." *Id.* In this case, the EEOC did attempt to confer with HonorHealth about Carter's Charge and the EEOC's investigation. Indeed, HonorHealth acknowledges as much. (Doc. 39 at 5.) It asserts, however, that conciliation was nonetheless inadequate because it did not include discussion of each of the claims now found in the Complaint. (Doc. 39 at 5–6.) It is thus the content of the conciliation, and not the fact of its occurrence, that HonorHealth challenges. But by so doing, HonorHealth asks the Court to do precisely what the Supreme Court and Ninth Circuit have said it must not do—examine the content of the parties' conciliation to determinate whether the EEOC engaged in a good-faith effort to resolve each of the allegations of discrimination directed at HonorHealth. *See Geo Group*, 816 F.3d at 1199 (clarifying that the EEOC, like any other litigant, may refrain from negotiating in good faith). That the EEOC engaged HonorHealth in "some form of discussion" and gave HonorHealth "an opportunity to remedy the allegedly discriminatory practice" is sufficient to satisfy the Commission's obligations under the statute. *See Mach Mining*, 575 U.S. at 494.

Even if the Court agreed with HonorHealth that the EEOC failed to adequately conciliate all of the claims prior to initiating the present action, the appropriate remedy

would be a stay of proceedings to permit an attempt at conciliation, not the dismissal of the non-conciliated claims (or, in this instance, the constructive dismissal of such claims through limitations on the scope of discovery). *Geo Group*, 816 F.3d at 1199 (citing *Mach Mining*, 575 U.S. at 495). Accordingly, for the forgoing reasons, the Court finds that the EEOC satisfied its statutory obligation to engage HonorHealth in informal conciliation.\*

Because the Court resolves the dispute in favor of the EEOC, it need not consider whether HonorHealth waived its objections.

**B.  Motion to Strike**

HonorHealth attached, as an exhibit to its supplemental brief, a declaration of its in-house counsel Matthew Walls. (Doc. 39, Ex. 2.) The declaration purports to describe the scope of the parties' conciliation attempts. (*Id.* at ¶¶ 8–11.) Specifically, it avers that "[c]onciliation did not address any requests for accommodation other than returning from leave and reassignment" and that "[d]uring conciliation, the EEOC did not engage in discission on behalf of any group of individuals other than those who were required to compete for a position upon returning from medical leave." (*Id.* at ¶¶ 10–11.) While the parties' Joint Discovery Motion was pending before the Court, the EEOC moved to strike certain paragraphs of the declaration and HonorHealth's supplemental brief on the ground that they "violate Title VII[] . . . by describing what was allegedly said and done in conciliation." (Doc. 40 at 3.) HonorHealth filed a Response to the EEOC's Motion (Doc. 44) and the EEOC filed a Reply (Doc. 45). Because the Court resolves the discovery dispute in favor of the EEOC notwithstanding the contested language, however, the Court need not address the merits of the EEOC's Motion. The Motion will therefore be denied as

---

\* HonorHealth cites four cases—each from outside the Ninth Circuit—that, in its view, compel a different conclusion. *See EEOC v. Amer. Nat. Bank*, 652 F.2d 1176 (4th Cir. 1981), *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012), *EEOC v. Sherwood Med. Indus., Inc.*, 452 F. Supp. 678 (M.D. Fla. 1978), and *EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250 (D. Colo. 2007). The Court is not persuaded. Each predates the Supreme Court's decision in *Mach Mining*, *see Geo Group*, 816 F.3d at 1200 n.5 (questioning the validity of *CRST* because it was decided prior to *Mach Mining*), and each involves factual circumstances not present here. *See, e.g.*, *Sherwood*, 452 F. Supp. 678 (holding that EEOC's claim of sex discrimination exceeded the scope of a reasonable cause determination which discussed only race discrimination).

moot.

Accordingly,

**IT IS ORDERED** resolving the Joint Motion for Resolution of Discovery Dispute dated August 27, 2021 (Doc. 34) in the EEOC's favor as described herein. HonorHealth shall respond to the EEOC's discovery requests within 14 days of this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike (Doc. 40) as moot.

Dated this 4th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge