**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-20-01894-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale Healthcare Hospitals, | |
| Defendant. | |

Pending before the Court are several filings by the parties regarding mediator selection, pre-mediation disclosures and related discovery disputes, and ESI protocols. The Court addresses each issue in turn.

**I.   MEDIATOR SELECTION**

The parties appear to be in dispute as to whether Judge Christopher Skelly is an appropriate mediator based only on his availability to mediate.

Plaintiff originally included Judge Skelly in its list of proposed mediators that are qualified to mediate this dispute. Upon review of Plaintiff's proposed list, HonorHealth agreed that Judge Skelly should mediate their dispute. Plaintiff asserts now that its "only objection" to Judge Skelly "is his lack of availability." (Doc. 101 at 4). EEOC states that because of HonorHealth's insistence on referring the mediation to Judge Skelly, the parties have reserved his earliest available dates of December 1, 2022, January 4, 2023,[1] and

---

[1] Plaintiff notes that it has an apparent scheduling conflict regarding the January 4, 2023, date. The Court will leave it up to the parties to ensure they are both available for mediation on the days selected for mediation.

March 7-9, 2023. (*Id.*) EEOC notes that "[t]he parties are also on Judge Skelly's cancellation wait list for additional dates before and after December 1, 2022." (*Id.*)

Because the parties both agree that Judge Skelly is experienced and has a reputation well suited to mediate this case, the Court finds that any delay in mediation due to Judge Skelly's availability is not a reason to deny the parties of their chosen mediator.

Accordingly, the Court orders the parties to proceed to mediation in front of Judge Skelly.

## II.     DISCOVERY

To allay the parties' concerns about any delay in the case related to a March 2023 mediation, the Court will direct the parties to begin phase two of discovery without delay. The Court finds that this is also in the best interest of the parties given the disputes regarding what documents are appropriate to exchange prior to the mediation. To the extent the parties have already begun producing agreed-upon documents prior to the mediation, as addressed in the parties' briefing, this Court's Order is not meant to disrupt that process.

Instead, in addition to those agreed upon document exchanges, the Court will hold a status conference with the parties to address proposed deadlines for phase two discovery and any outstanding discovery disputes raised in the parties prior briefing, to the extent that any still exist given that phase two of discovery is now open.

Thus, the Court directs the parties to confer and submit proposed scheduling deadlines for phase two discovery on an accelerated basis—that is, a schedule that begins now as opposed to the completion of mediation. The parties' proposed deadlines should be actual dates, unlike the general timelines in the current phase two Scheduling Order. (*See* Doc. 92).

Additionally, the parties shall confer and submit joint briefing outlining their respective positions on any outstanding discovery disputes that are not addressed by the Court's acceleration of phase two discovery.

## III.    ESI PROTOCOLS

The parties also submitted briefing on their respective proposals for an ESI

discovery protocol. EEOC asks the Court to enter a 14-page ESI protocol that contains three exhibits outlining "the presumptive scope of ESI to be searched" and the 26 metadata fields required to be included with the ESI production. (Doc. 98-1 at 4, 5, 9–12). For its part, HonorHealth asks the Court to adopt a more straightforward ESI approach and attaches the model order from the Northern District of California. (*See* Doc. 96-1). EEOC argues that a more detailed ESI protocol is required to prevent future discovery disputes (Doc. 98 at 1), while HonorHealth argues that the detailed protocol proposed by EEOC will create additional discovery disputes because of the inherent difficulty of complying with the protocol (Doc. 96 at 2–3). The Court notes that the parties have identified sections of the EEOC's that the parties both agree to, highlighted in green. (*See* Doc. 98-1).

In the interest of efficiency and allowing the parties flexibility in their ability to tailor their ESI production to the needs of this case, the Court adopts Defendants' proposed ESI protocol from the Northern District of California, except that the Court also adopts the portions of EEOC's protocol that the parties are in agreement. To the extent that any sections of the Northern District of California Model Order explicitly conflict with the parties' agreed upon provisions, the agreed upon provisions are adopted in their place. The Court orders the parties to submit a joint proposed ESI protocol that combines the Northern District of California Model Order with the portions of the EEOC's proposed order that the parties have agreed upon.

## IV. CONCLUSION

**IT IS ORDERED** that mediation will proceed using mediator Judge Christopher Skelly on his first available dates, as reserved by the parties.

**IT IS FURTHER ORDERED** that phase two of discovery will commence as of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed revised phase two scheduling order, no later than Friday, September 2, 2022.

**IT IS FURTHER ORDERED** that the parties shall submit joint briefing that outlines any outstanding discovery disputes, no later than Friday, September 2, 2022.

1 **IT IS FURTHER ORDERED** setting an in-person status conference on the parties' joint proposed phase two discovery schedule and the outstanding discovery issues for Thursday, September 8, 2022, at 1:30 PM.

**IT IS FURTHER ORDERED** adopting the proposed ESI protocols, as stated herein. The parties are ordered to submit a joint proposed ESI protocol consistent with this Order no later than Friday, September 2, 2022.

Dated this 23rd day of August, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge